# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYPTO ASSET FUND, LLC, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MEDCREDITS, INC., et al., <br><br> Defendants. | Case No. 19-cv-1869-LAB-MDD <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [Dkt. 33]** |

The Court's March 30, 2020 Order granted Defendants' Motion to Compel Arbitration and stayed the case. Dkt. 23. Plaintiffs Crypto Asset Funds, LLC, Timothy Enneking, and Kyle Chaykowski filed an Application for Leave to File a Motion for Reconsideration of that Order based on purportedly new evidence. Dkt. 33. For the reasons stated below, the Court **DENIES** the Motion.

Motions for reconsideration "are disfavored and will be summarily denied" unless the moving party can point to new evidence, a change in controlling law, or a clear error in the Court's earlier ruling. Standing Order in Civil Cases § 3(e). Plaintiffs' Application contends reconsideration is warranted by new evidence: Defendants, who previously argued that the

Court should compel arbitration, now take contrary positions before the arbitrator. Dkt. 33 at 3-6.

Defendants' change of position isn't new evidence that warrants reconsideration. New evidence may affect the factual premises of an order, but the same can't be said of a changed litigation strategy. Here, the Motion to Compel was granted because the language of the Seed Round Agreement binds the parties to arbitration in case of a dispute, even as to questions of arbitrability. *See* Dkt. 23 at 7-11. This is still the case, even if Defendants are singing a different tune than they were before.

Certainly, equitable concerns arise when a party successfully persuades one tribunal to adopt a position and then reverses course before a subsequent tribunal. *See, e.g., New Hampshire v. Maine*, 121 S. Ct. 1808, 1814 (2001) (describing doctrine of judicial estoppel). But when that happens, the solution isn't to set aside the prior order. Instead, the second tribunal decides whether the positions are inconsistent and whether the litigant should be held to its original position. *See id.*

The Court **DENIES** the Application for Leave to File a Motion for Reconsideration. Nevertheless, the Court takes the opportunity to clarify its Order in one respect. Plaintiffs misunderstand that the Order required the Plaintiffs to commence a new arbitration proceeding, separate from the proceeding that was underway when Plaintiffs initiated this litigation. The Order recognized that the Seed Round Agreement gave the arbitrator the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

19cv1869

"exclusive authority and jurisdiction to make all procedural and substantive decisions regarding a dispute." Dkt. 23 at 9. Disputes over the joinder of claims fall within the scope of this arbitration provision.

**IT IS SO ORDERED**.

Dated: October 13, 2020

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge